IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-00276-01-CR-W-GAF |
| | ) | |
| THOMAS JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Comes now the Court herein and for the reasons stated, denies defendant's Motion for Judgment of Acquittal or in the Alternative for New Trial. "A motion for judgment of acquittal should be granted only where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements charged." *United States v. Baker*, 367 F.3d 790, 797 (8th Cir. 2004). "The evidence need not exclude every reasonable hypothesis except guilt; the essential elements of the crime may be proven by circumstantial as well as direct evidence." *Id.* The *Baker* court observed: "In ruling upon a motion for judgment of acquittal, the district court is not to weigh the evidence or assess the credibility of witnesses." *Id.*[1]

In *United States v. Flores*, 362 F.3d 1030, 1036 (8th Cir. 2004), a defendant contended that his conviction must be reversed "because the government did not prove that he knew methamphetamine was in the car." To show constructive possession, the government must offer evidence that defendants

---

[1] Upon review of the record and applicable law herein, the government's position is found to be controlling. Much of the government's brief is adopted without quotation noted.

had knowledge and 'ownership, dominion, or control over the [vehicle] in which the contraband was concealed." *Id*. (Quoting *Ortega v. United States*, 270 F.3d 540, 545 (8th Cir. 2001)). The *Flores* court concluded, "There was sufficient evidence of [defendant's] control over the drugs because he was the driver of the car." *Id*. The *Flores* court also noted: "The jury was permitted to consider the circumstances surrounding the discovery of the drugs." *Id*.

In the case at hand, the jury heard that defendant Thomas Johnson was (1) the first to run (2) the only one to resist (3) in the driver's seat (under which 57 grams of crack was recovered) (4) a drug dealer carrying 37 packages of marijuana and no cash. A jury can infer "guilty knowledge" by Johnson's own actions. *Ortega v. United States*, 270 F.3d at 546.

The Eighth Circuit has repeatedly made it clear that proof of knowledge frequently must be inferred:

> We are cognizant of the inferential nature of the proof of knowledge. But a defendant's knowledge generally is difficult to prove in any other way. We guard against the use of unreasonable inferences through our standard of review, but we do not require that the inferences themselves be shown by the evidentiary standard applicable to the determination of guilt. To do so would take from the jury the arduous task that is assigned. We let the jury decide guilt. . . .

*United States v. Serrano-Lopez*, 366 F.3d 628, 636 (8th Cir. 2004) (emphasis added). "The large quantity of drugs involved is evidence of defendants' knowledge." *Id*. at 635. "In this case then, the large quantity of drugs involved serves as sufficient evidence of both the intent to distribute and the intent to exercise control." *Id*. The *Serrano-Lopez* court further elaborated: "The quantity of drugs . . . in the car indicated the likelihood of drug dealing, an enterprises to which a dealer would be unlikely to admit an innocent person with the potential to furnish evidence against him." *Id.*

2

At trial, the jury heard both Officer Miles and Officer Ritchie testify that the 57 grams of crack recovered from under the driver's seat where Johnson had been sitting was the most crack either had ever recovered as of December 7, 2003, and since. The jury heard testimony of Detective Garza, who explained drug values and quantities, as well as how undercover drug deals worked when there was more than one person - one person would be the "banker," another person would handle the drugs, etc. The jury heard evidence about Lamell Jones having $3,149.00 in cash, broken down into mostly 10's and 20's while Johnson was penniless (and holding 37 baggies of marijuana). The jury could consider "expert testimony concerning the methods used by drug traffickers." *United States v. Ramirez*, 362 F.3d 521, 524 (8th Cir. 2004).

The jury also heard Lamell Jones' testimony, where he essentially stated that the police officers were all lying. Jones then said that he wasn't friends with Johnson and that Johnson had been in the backseat of the car behind the driver's seat. The verdict reflects the jury chose not to believe Jones on these matters. In addition, the jury saw that the quantities of drugs and money found in Jones' possession when he was alone were substantially smaller than when he was with Johnson on December 7. Finally, the jury heard from Jones' own witness, Ms. Spencer, that it was Jones who had introduced her to Johnson sometime prior to the incident in question contrary to Jones' testimony that he and Johnson were not friends. The jury was free to give the testimony of defense witnesses whatever weight [it] chose. . .. It is the sole province on the jury to weigh the credibility of a witness." *United States v. Baker*, 367 F.3d at 798. The evidence was sufficient to show Johnson's constructive possession of the crack under his seat. "[T]he essence of constructive possession is not direct, physical control, but the ability to reduce an object to actual possession; otherwise, constructive possession

3

would have no meaning at all." *United States v. Holm*, 836 F.2d 1119, 1123 (8th Cir. 1988). "Possession need not be exclusive, but may be joint." *United States v. Sianis*, 275 F.3d 731, 733 (8th Cir. 2002).

Likewise, the evidence was sufficient to show that Johnson and Jones were involved in a conspiracy to distribute crack cocaine. "In reviewing the sufficiency of the evidence on appeal, the court views the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." *United States v. Espino*, 317 F.3d 788, 792 (8th Cir. 2003). "We will reversed only if no reasonably jury could have found the accused guilty beyond a reasonable doubt." *Id.*

Once a conspiracy is established, only slight evidence is required to show the defendant's involvement and support a conviction. *United States v. Mosby*, 177 F.3d 1067, 1069 (8th Cir. 1999). "The government may prove the agreement wholly by circumstantial evidence or by inference from the actions of the parties." *United States v. Shoffner*, 71 F.3d 1429, 1433 (8th Cir. 1995). "The agreement need not be express or formal" and "[t]he government must show no more than a tacit understanding among the participants." *United States v. Quemtanilla*, 25 F.3d 694, 699 (8th Cir. 1994). As discussed previously herein, the jury heard enough evidence to establish Johnson's involvement in the conspiracy (via his constructive possession of the crack cocaine, his actions on December 7, 2003, testimony heard from expert witnesses, testimony from defense witnesses, etc.). "The conspiracy may be proved through circumstantial evidence and may be implied by the surrounding circumstances or by inference from the actions of the parties." *United States v. Fitz*, 317 F.3d 878, 881 (8th Cir. 2003). It is logical for a jury to believe that two drug dealers, who had known each other

4

for some time, sitting together in a car at 1:30 a.m., with drugs and money in their possession, with one holding 37 baggies of marijuana (and no money), and the other holding $3,149.00 in cash along with crack cocaine, who both ran from the police when the police approached to investigate a possible car accident have a connection with each other.

WHEREFORE, for the reasons stated herein, defendant Johnson's Motion for Judgment of Acquittal or in the Alternative for New Trial is denied.

                                                /s/ Gary A. Fenner
                                                GARY A. FENNER, JUDGE
                                                United States District Court

DATED:   August 11, 2005